UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CLEMENTINE MANDIA,

Docket no: 26cv5013

**COMPLAINT**

Plaintiff,

-against-

JURY DEMANDED

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,
Defendant.
-----------------------------------------------------------------X

Plaintiff, CLEMENTINE MANDIA, by her attorney, CHARLES C. DESTEFANO, ESQ., complaining of the defendant, respectfully show and allege as follows:

FIRST: The plaintiff, CLEMENTINE MANDIA, at the time of the institution of this action, was and still is a resident of the County of Richmond, City and State of New York.

SECOND: That upon information and belief, and at all times hereinafter mentioned, the defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY (hereinafter "ALLSTATE") is a foreign business corporation with its headquarters/ principal place of business in the State of Illinois and engaged in the business of liability insurance in the State of New York.

THIRD: That jurisdiction properly lies with the Federal District Court by virtue of the diversity of the citizenship of the plaintiff and defendant as set forth in Title 28 U.S.C. Section 1332 and the nature of this action being over the amount in question, exceeding the sum of SEVENTY FIVE THOUSAND AND 00/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

AS AND FOR A FIRST CAUSE OF ACTION

ON BEHALF OF PLAINTIFF CLEMENTINE MANDIA

FOURTH: That at all times herein mentioned, non-party, G. Axzalancojon, was the owner of a certain 2007 Toyota motor vehicle bearing New York State registration, license plate number LBF8608, which said vehicle was then and there being operated by the non-party, Lidia Velez Rojas, which by permission, consent, and knowledge of said owner.

FIFTH: That at all times hereinafter mentioned, the plaintiff, CLEMENTINE MANDIA, did operate a certain 2024 Honda motor vehicle bearing New York State registration, license plate number DTE6655.

SIXTH: That at all times hereinafter mentioned, Midland Avenue, at or near the intersection with Boundary Avenue, in the County of Richmond, City and State of New York, was and still is a public highway in common use by the residents of the State of New York and others.

SEVENTH: That on the 18th day of July, 2025, plaintiff, CLEMENTINE MANDIA, was operating her vehicle on Boundary Avenue and was proceeding on a green light through the intersection with Midland Avenue, the County of Richmond, City and State of New York.

EIGHTH: That at the same date and time, non-party, Lidia Velez Rojas, was operating her vehicle along Midland Avenue, at the intersection with Boundary Avenue, in the County of Richmond, City and State of New York when she failed to stop for a red light, causing a collision between the two vehicles.

NINETH: As a result of the impact, the plaintiff CLEMENTINE MANDIA, sustained serious personal injuries, as defined by Section 5102 (d) of the Insurance Laws of the State of New York.

TENTH: That the accident and the injuries resulting to the plaintiff, CLEMENTINE

MANDIA, were caused by reason of negligence of non-parties, G. Axzalancojon and Lidia Velez Rojas in the ownership, operation and maintenance of their motor vehicle.

ELEVENTH: That on the 18th day of July, 2025, the 2007 Toyota motor vehicle owned by non-party G. Axzalancojon and operated by non-party Lidia Velez Rojas was insured by Geico Insurance, with bodily injury policy limits of $25,000/$50,000.

TWELFTH: That the aforesaid policy limits of $25,000/$50,00 from Geico Insurance were offered to the plaintiff CLEMENTINE MANDIA on or about December 17, 2025.

THIRTEENTH: Defendant ALLSTATE was notified of the settlement offer.

FOURTEENTH: Defendant ALLSTATE consented to the settlement offer.

FIFTEENTH: That a policy of automobile insurance assigned policy number 913263822, was issued by defendant ALLSTATE to plaintiff CLEMENTINE MANDIA, with underinsured policy limits of $100,000/$300,000.

SIXTEENTH: Upon information and belief, the policy of insurance issued by defendant ALLSTATE to plaintiff CLEMENTINE MANDIA, bearing policy number 913263822 was in full force and effect on July 18, 2025.

SEVENTEENTH: Subsequent to the accident, plaintiff, CLEMENTINE MANDIA, or her representative notified defendant ALLSTATE of her intention to make an underinsured motorist claim.

EIGHTEENTH: Within the time prescribed by law, regarding the July 18, 2025 accident, defendant ALLSTATE received written notice of plaintiff's intention to make an underinsured motorist claim.

NINETEENTH: The plaintiff, CLEMENTINE MANDIA, has complied with all terms and conditions regarding underinsured motorist benefits under the aforesaid policy of insurance

issued by defendant.

TWENTIETH: The plaintiff CLEMENTINE MANDIA, by her attorneys, has provided defendant with all the requested medical records, reports and authorizations regarding the plaintiff's injuries and treatment.

TWENTY FIRST: Thereafter, the defendant, ALLSTATE, refused to honor plaintiff's claim for Underinsured Motorist Benefits.

TWENTY SECOND: The plaintiff, CLEMENTINE MANDIA, made a demand of $75,000.00 (policy limits less the offset of $25,000 paid in the underlying claim) be paid to the plaintiff pursuant to the aforesaid policy and that defendant ALLSTATE has refused to pay same to the plaintiff.

TWENTY THIRD: That the plaintiff, CLEMENTINE MANDIA, sustained serious personal injuries, to wit, cervical and lumbar spine injuries, left shoulder and right knee injuries, and damages in excess of $75,000.00 and defendant ALLSTATE, is obligated to make payment pursuant to the terms of the policy of insurance and has refused to do so.

TWENTY FOURTH: The amount of damages herein exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

WHEREFORE, the plaintiff CLEMENTINE MANDIA, demands judgment against the Defendant in an amount which exceed the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction, and amounts to be determined at the trial of this action altogether with the interest, costs and disbursements of this action.

JURY DEMAND

Plaintiff demands trial by jury.

Dated: Staten Island, New York
August 17, 2026

Law Office of CHARLES C. DESTEFANO
Attorney for Plaintiff

By: ______________________________
CHARLES C. DESTEFANO
1082 Victory Blvd.
Staten Island, New York 10301
718-390-0580

TO: Allstate Property & Casualty Company
3100 Sanders Road
Northbrook IL 60062